Dear Director Clark
¶ 0 This office has received your request for an official Opinion in which you asked, in effect, the following question:
Are public libraries and library systems prohibited by 21O.S. Supp. 1996, § 1040.76[21-1040.76] from offering public access to theInternet at library facilities to any person regardless of age?
¶ 1 Your question was framed in regard to material defined as harmful to minors pursuant to 21 O.S. Supp. 1996, § 1040.76[21-1040.76].
This section provides:
 No person, including but not limited to any persons having custody, control or supervision of any commercial establishment, shall knowingly:
 1. Display material which is harmful to minors in such a way that minors, as a part of the invited general public, will be exposed to view such material. Provided, however, a person shall be deemed not to have "displayed" material harmful to minors if the material is kept behind devices commonly known as "blinder racks" so that the lower two-thirds (___) of the material is not exposed to view;
 2. Sell, furnish, present, distribute, allow to view, or otherwise disseminate to a minor, with or without consideration, any material which is harmful to minors; or
 3. Present to a minor or participate in presenting to a minor, with or without consideration, any performance which is harmful to a minor.
21 O.S. Supp. 1996, § 1040.76[21-1040.76].
¶ 2 "Harmful to minors" is defined as:
 [T]hat quality of any description, exhibition, presentation or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sadomasochistic abuse when the material or performance, taken as a whole, has the following characteristics:
 a. the average person eighteen (18) years of age or older applying contemporary community standards would find that the material or performance has a predominant tendency to appeal to a prurient interest in sex to minors, and
 b. the average person eighteen (18) years of age or older applying contemporary community standards would find that the material or performance depicts or describes nudity, sexual conduct, sexual excitement or sadomasochistic abuse in a manner that is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors, and
 c. the material or performance lacks serious literary, scientific, medical, artistic, or political value for minors[.]
21 O.S. Supp. 1996, § 1040.75[21-1040.75](2).
¶ 3 "Knowingly," for purposes of Section 1040.76, is defined as:
 [H]aving general knowledge of, or reason to know, or a belief or ground for belief which warrants further inspection or inquiry of both:
 a. the character and content of any material or performance which is reasonably susceptible of examination by the defendant, and
 b. the age of the minor. However, an honest mistake, shall constitute an excuse from liability pursuant to this act if the defendant made a reasonable bona fide attempt to ascertain the true age of such minor[.]
21 O.S. Supp. 1996, § 1040.75[21-1040.75](12).
¶ 4 You have advised this office that no question is raised here as to the ability of a library to offer Internet access. Instead, your question is whether the fact that material harmful to minors can be accessed at a library through the Internet requires a library not to provide such service to its patrons. Library employees are not specifically included in or excluded from the provisions of Section 1040.76. However, a "person," for the purposes of this section, is defined to include "any individual, partnership, association, corporation, or other legal entity of any kind[.]" 21 O.S. Supp. 1996, § 1040.75[21-1040.75](13). This is broad enough to include library employees, and we must conclude that a library employee who otherwise violates Section 1040.76 would be liable to criminal action.
¶ 5 Nevertheless, Section 1040.76 does not create a blanket prohibition on the use of the Internet merely because some sites may include material harmful to minors.[1] Thus, the answer to your question lies in whether a library employee has "knowingly" displayed material harmful to minors or otherwise allowed minors to view such material. This is primarily a question of fact which ordinarily cannot be answered in an Attorney General Opinion. 75 O.S. Supp. 1996, § 18b[75-18b](A)(5).
¶ 6 It should be noted that by use of the term "knowingly," the Legislature requires actual knowledge by a person or reason to believe that a minor has accessed harmful material or has had such material displayed to him or her. By that definition, Section 1040.76 does not require libraries to act as the conscience of its patrons, nor does it allow library personnel to turn a blind eye to activities within the library. Library personnel who take reasonable and prudent steps to limit improper access and display of material harmful to minors would not be in violation of Section 1040.76. Although the potential exists for a violation of Section 1040.76, this potential does not require libraries to deny Internet access. Whether a particular situation constitutes a violation is a question of fact, which cannot be answered in an Attorney General Opinion. 75 O.S. Supp. 1996, §18b[75-18b](A)(5).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Public libraries and library systems are not prohibited by21 O.S. Supp. 1996, § 1040.76[21-1040.76] from offering public access tothe Internet at library facilities to any person regardless ofage.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] While libraries are under no obligation to provide Internet access at all, the provision of such to some and denial of access to others would raise constitutional concerns which are not addressed herein.